BLD-082                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4689
_____

IN RE:  ALTON D. BROWN,
                                                                Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 10-cv-00943)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 6, 2011
Before:  SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: January 25, 2011)
_____

OPINION
_____

PER CURIAM

Pro se petitioner, Alton D. Brown, seeks a writ of mandamus directing the District

Court to rule on the motions which remain pending in the underlying civil action at this

time.  While we acknowledge that motions indeed remain pending and that the District

Court has an obligation to rule on them, mandamus is not warranted in this case.

Accordingly, we will deny the petition.

On March 3, 2010, Brown, a Pennsylvania state prisoner, filed a request to proceed

in forma pauperis with a complaint submitted under 42 U.S.C. § 1983, against numerous

Pennsylvania Department of Corrections' employees (hereafter referred to as "DOC Defendants") and medical personnel (collectively referred to as "Medical Defendants") contracted to provide medical services for the DOC. Brown alleged that while incarcerated at the State Correctional Institutions at Pittsburgh, Fayette, and Graterford, he was subjected to a conspiracy, denied medical care, and retaliated against in violation of the First and Eighth Amendments. In an order entered on March 12, 2010, the District Court granted Brown's motion for leave to proceed in forma pauperis, ordered the complaint to be filed, and directed that summonses be issued. A waiver of service was returned executed on the Medical Defendants on April 1, 2010. Since waiver of service could not be effected on the DOC Defendants, a summons was issued and forwarded to the U.S. Marshal's Service on March 15, 2010.

The Medical Defendants responded to Brown's complaint by filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on April 22, 2010, and a request to have his in forma pauperis status revoked in accordance with the "three strikes" provision of 28 U.S.C. § 1915(g). In an order issued a few days later, the matter was reassigned to a District Judge designated for service in another district within this Circuit pursuant to 28 U.S.C. § 292(b). Nothing further appears to have happened in this case until July and August 2010, at which time Brown filed motions seeking an extension of time to respond to the Medical Defendants' motion to dismiss, the entry of default and default judgment against the DOC Defendants, and leave to file an amended complaint. Brown's most recent motion was filed on November 8, 2010. In that motion, Brown asked the District

2

Court to issue an order directing the U.S. Marshal's Service to effectuate service of the complaint on the DOC Defendants. These motions remain pending at this time. On December 22, 2010, Brown petitioned this Court for a writ of mandamus, requesting an order compelling the District Court to take some action to move his civil case forward.

Mandamus is a drastic remedy available only in extraordinary cases, see In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005), as the petitioner must demonstrate that he has "no other adequate means" to obtain the relief desired and a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Although a District Court has discretion over the management of its docket, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817-18 (3d Cir. 1982), a federal appellate court "may issue a writ of mandamus on the ground that [the District Court's] undue delay is tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79.

We recognize that more than five months have elapsed since the time Brown filed his motion seeking an extension of time to respond to the Medical Defendants' motion to dismiss, which itself had been filed back in April 2010. Additionally, we note that it is unclear as to whether service of process has been properly effectuated on the DOC Defendants at this time. However, we also are cognizant of the fact that a question has been raised as to whether Brown is even entitled to continue to proceed in the underlying civil action with the in forma pauperis status granted him back in March. Accordingly, although the delay in this case "is of concern, it does not yet rise to the level of a denial of

3

due process." Id. (addressing nearly five-month delay in acting on a petition for a writ of habeas corpus). Thus, the extraordinary remedy of mandamus is not warranted. We are confident that the District Court will rule on parties' outstanding motions without undue delay. The Petition is therefore denied without prejudice.